STATE *v.* BRADSHAW.

4733                                          256 S. W. 2d 556

Opinion delivered April 6, 1953.

*Ed E. Ashbaugh,* for appellant.

*S. J. Reid,* for appellee.

Ed. F. McFaddin, Justice. Informations were filed in the Justice of the Peace Court, charging the appellees with having committed misdemeanors—*i. e.,* hunting in a State Game Refuge. The appellees were tried and fined, and then appealed to the Circuit Court. In that Tribunal, the appellees moved to dismiss the charges, claiming that the lands on which they were hunting were not in fact lands within a State Game Refuge. After hearing evidence, the Circuit Court sustained the motion, and entered judgment dismissing the charges.

Since the misdemeanors, of which the appellees were charged, related to the game and fish laws, Honorable Ed E. Ashbaugh, as attorney for the Arkansas State Game & Fish Commission, has undertaken to appeal the Circuit Court judgment to this Court. But there are fatal defects in this attempted appeal. Section 43-2733, Ark. Stats., prescribes the essentials for an appeal by the State in a misdemeanor case such as the one here. The section reads:

"Misdemeanors—Appeal by State.—When the prosecuting attorney prays an appeal, the clerk shall forthwith make and certify a complete transcript of the record and transmit the same to the attorney general, or deliver it to the prosecuting attorney for that purpose; and if the attorney general, on inspecting the same, believes it proper to take the appeal, he shall do so by filing the transcript in the Clerk's office of the Supreme Court in sixty (60) days after the judgment. (Crim. Code, § 342; C. & M. Dig., §§ 3425, 3426; Pope's Dig., §§ 4268, 4269.)"

In the case at bar, the prosecuting attorney *did not* pray an appeal: on the contrary, the record affirmatively shows that the prosecuting attorney concurred in the decision of the Circuit Court. Furthermore, there is

entirely absent from the record anything to indicate: (a) that the Attorney General has ever inspected the record; (b) that he believes an appeal should be taken; or (c) that he has filed the transcript in this Court. The concurrence of these three essentials is required by the quoted Statute. In *State* v. *Hamilton* (Case No. 4447, our *per curiam* order of January 20, 1947)[1] there was an attempt by counsel other than the Attorney General to appeal a criminal case to this Court, and we refused to consider the case because the Attorney General had not taken the appeal. In the case at bar, the essentials of § 43-2733, Ark. Stats., as previously mentioned, have not been observed, so this case is dismissed as improperly appealed.

---

[1] See the book, "Supreme Court Procedure," by Stevenson, Revised Edition 1948, p. 92.